IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LESLYN BYRD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 2:05CV423-F |
| | ) |
| BURKE'S' OUTLET STORES-ALA, INC., | ) |
| | ) |
|     Defendant. | ) |

## ANSWER

Defendant Burke's Outlet Stores-ALA, Inc. ("Burke's") answers and defends against the complaint as follows:

**I.   INTRODUCTION**

**1.   This is an action for declaratory judgment, equitable relief, money damages, instituted to secure the protection of and redress the deprivation of rights secured through the Civil Rights Act of 1866, as amended by Section 101 of the Civil Rights Act of 1991, and codified as 42 U.S.C. § 1981, and 42 U.S.C. § 2000(e), which provide for relief from racial discrimination in the performance of contracts and employment, and prohibits race discrimination.**

RESPONSE:  Burke's admits that plaintiff seeks to state claims under the Civil Rights Act, as amended, and codified as 42 U.S.C. § 1981 and 42 U.S.C. § 2000(e), but denies all remaining averments of paragraph 1 of the complaint.

**II.   JURISDICTION AND VENUE**

**2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 1367; 28 U.S.C. §§ 2201 and 2202.**

157565.1

RESPONSE: Burke's admits that this Court has subject matter jurisdiction over a properly plead complaint that alleges a violation of the Civil Rights Act, as amended, but denies all remaining averments of paragraph 2 of the complaint.

3. **The unlawful employment practices alleged herein below were committed by the Defendant within Covington County, Alabama. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. § 1391(b).**

RESPONSE: Burke's admits that venue is proper but denies all remaining averments of paragraph 3 of the complaint.

### III. PARTIES

4. **Plaintiff is an African-Guyanan female and resident citizen of Covington County, Alabama and the United States of America. Defendant is a Corporation presumptively licensed to do business within the Middle District of Alabama.**

RESPONSE: Burke's admits that it is an Alabama corporation licensed to do business in the State of Alabama but is without sufficient knowledge or information to admit or deny all other averments of paragraph 4 of the complaint and therefore denies same.

### IV. STATEMENT OF ALLEGATIONS

5. **Plaintiff began her employment with the Defendant in February 2000 as a Supervisor in the Andalusia, Alabama store.**

RESPONSE: Burke's admits the averments of paragraph 5 of the complaint.

6. **That following November, Plaintiff was promoted to Store Manager.**

RESPONSE: Burke's admits the averments of paragraph 6 of the complaint.

7. **In March, 2004, Plaintiff was forced to rehire a white woman and pay her more than comparable co-workers.**

RESPONSE: Burke's denies the averments of paragraph 7 of the complaint.

8. **This was yet another instance wherein Plaintiff's Group Manager (white) failed to support her managerial actions where they involved a white.**

RESPONSE: Burke's denies the averments of paragraph 8 of the complaint.

9. **In turn, the whites under Plaintiff's supervision did not respect her and flouted her work-related rules/demands.**

RESPONSE: Burke's denies the averments of paragraph 9 of the complaint.

10. **Plaintiff's complaint about deficient job performances were ignored by Management.**

RESPONSE: Burke's denies the averments of paragraph 10 of the complaint.

11. **Plaintiff was reprimanded on April 30, 2004 as another attempt to harass her into resigning.**

RESPONSE: Burke's denies the averments of paragraph 11 of the complaint.

12. **On July 22, 2004, Plaintiff was fired after she requested a meeting with her Supervisor and Management Officials to discuss the racial discrimination.**

RESPONSE: Burke's denies the averments of paragraph 12 of the complaint.

13. **Plaintiff avers that the Defendant discriminates on the basis of race in its disciplinary actions in that non-whites are more harshly disciplined.**

RESPONSE: Burke's denies the averments of paragraph 13 of the complaint.

V. **CLAIMS FOR RELIEF**

**Plaintiff requests that the Defendants be ordered to permanently cease and desist from all race discrimination and immediately implement a deliberate plan to hire, train or**

**promote non-whites for supervisory and executive positions and eliminate racial differences in discipline.**

**Plaintiff avers that the Defendant's conduct has caused her pain, humiliation, suffering and financial loss for which she seeks monetary damages of no less than five hundred thousand dollars ($500,000.00).**

**Plaintiff also seeks punitive damages from this Defendant of no less than ten (10%) percent of Defendant's gross revenues for 2002, 2003 and 2004 in that the Defendant knew that its actions were unlawful yet pursued them despite that knowledge.**

**Any and all other relief, including attorney's fees and cost, to which she may be entitled.**

RESPONSE: Burke's denies that Plaintiff is entitled to any damages or other relief from Burke's as requested in paragraph V of the complaint, entitled "Claims for Relief".

### Affirmative Defenses

#### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted, in whole or in part.

#### Second Affirmative Defense

Burke's has at all times relevant hereto complied with all applicable laws, regulations and standards, and the claims asserted by plaintiff are, therefore, preempted under applicable state and/or federal law.

#### Third Affirmative Defense

All actions and/or decisions that plaintiff alleges were discriminatory were taken for legitimate, nondiscriminatory, non-retaliatory, non-pretextual reasons.

### Fourth Affirmative Defense

In the alternative to the Third Affirmative Defense, some or all of the decisions and/or actions challenged as discriminatory in the complaint would have been undertaken even had the plaintiff not had the protected status alleged.

### Fifth Affirmative Defense

In the alternative, Burke's did not willfully violate any of the statutes or laws referenced in the complaint.

### Sixth Affirmative Defense

Burke's exercised reasonable care to prevent and correct promptly any discriminatory behavior in the workplace, including, but not limited to, having a well-established policy on equal employment and sexual harassment, having a well-established open door/grievance procedure, and providing complainants with several avenues of redress.  Plaintiff unreasonably failed to take advantage of the preventative and corrective measures provided by Burke's, including, but not limited to, by failing to file a complaint of discrimination and/or by failing to notify management otherwise of any alleged discriminatory behavior.

### Seventh Affirmative Defense

Burke's acted within its legal rights.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Burke's did not act with malice or reckless indifference.

### Ninth Affirmative Defense

Burke's' actions with respect to plaintiff were taken in good faith.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by lack of knowledge.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by lack of intent.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Burke's is not liable to plaintiff under any theory.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of estoppel, laches or unclean hands.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by principles related to her failure to mitigate damages, if any.

### Fifteenth Affirmative Defense

Plaintiff has suffered no damages; and is therefore not entitled to recover the damages described in the complaint.

### Sixteenth Affirmative Defense

Burke's denies that it has been guilty of misconduct which entitles plaintiff to recover compensatory or punitive damages or equitable relief against it.

### Seventeenth Affirmative Defense

The amount of any compensatory or punitive damage award, if any, that plaintiff might recover from Burke's on her Title VII claim is subject to the damage caps under 42 U.S.C. § 1981a(b).

**Eighteenth Affirmative Defense**

Plaintiff's claims for punitive damages violate Burke's' United States and Alabama constitutional protection from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process, and denial of equal protection of the law.

**Nineteenth Affirmative Defense**

Plaintiff's claims for punitive damages are barred further because the acts, if any, and omissions, if any, of Burke's, which are specifically denied, fail to rise to the level required to sustain a reward of punitive damages; were trivial and isolated; were not motivated by evil intent or discrimination; do not evidence a malicious, oppressive, or fraudulent intent to deny plaintiff her protected rights or to harass or to otherwise discriminate against plaintiff; and are not so wanton or willful as to support an award of punitive damages.

**Twentieth Affirmative Defense**

Burke's did not act recklessly or with indifference to the federally protected rights of plaintiff. Hence, plaintiff cannot recover punitive damages against Burke's.

**Twenty-First Affirmative Defense**

Burke's avers that any award of punitive damages against Burke's to plaintiff in this action would be in violation of the safeguards provided to Burke's under the Constitution of the United States of America and/or the Constitution of the State of Alabama.

**Twenty-Second Affirmative Defense**

Attorney's fees are not recoverable based upon the particular facts of this case.

**Twenty-Third Affirmative Defense**

Burke's denies each and every material allegation of the complaint which is not specifically admitted herein and demands strict proof hereof.

Burke's reserves the right to plead additional defenses in the future.

Done on this the 2nd day of June, 2005.

>s/Dorman Walker
>One of counsel for defendant
>Burke's Outlet Stores-ALA, Inc

OF COUNSEL:
Dorman Walker (WAL086)
JoClaudia Moore (MIT033)
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama  36101
334/834-6500
334/269-3115 (fax)

## CERTIFICATE OF SERVICE

I certify that on June 2, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid, to the following:

Malcolm R. Newman
Post Office Box 6137
Dothan, Alabama  36302

This the 2nd day of June, 2005.

>s/Dorman Walker
>Of Counsel