IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LESLYN BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:05CV423-F |
| ) | |
| BURKE'S OUTLET STORES-ALA, ) | |
| INC., ) | |
| ) | |
| Defendant. | |

## MOTION TO COMPEL

Pursuant to *Fed.R.Civ.P.* 37, Defendant, Burke's Outlet Stores-ALA, Inc. ("Burke's") moves to compel Plaintiff Leslyn Byrd ("Byrd") to provide complete initial disclosures in compliance with *Fed.R.Civ.P.* 26(a)(1) and to strike any claims by Byrd for backpay or objective damages. As grounds for this motion, Burke's provides as follows:

1.  On October 13, 2005, Byrd served her Rule 26 Disclosures, a copy of which is attached as Exhibit "A," and these disclosures are not in compliance with Rule 26(a)(1).

2.  Byrd's disclosures under Rule 26(a)(1)(A) were incomplete. Specifically, when providing the names of individuals as likely having discoverable information in support of her claims, Byrd failed to identify the "subjects of the information" known by said individuals. *See* Section A, Numbers 1-15 of Byrd's Rule 26 Disclosures.

3.  Moreover, Byrd's disclosures did not provide the information required by Rule 26(a)(1)(B) nor did Byrd even address the requirements of Rule 26(a)(1)(B). Byrd did not provide "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control" of Byrd that may support Byrd's claims.

163072.1

4. Finally, Byrd's disclosures did not provide the information required by Rule 26(a)(1)(C) nor did Byrd even address the requirements of Rule 26(a)(1)(C). Byrd did not provide "a computation of any category of damages claimed..." nor did Byrd make available any "documents or other evidentiary material...on which such computation is based..."

5. In compliance with Rule 37(a)(2), Burke's has made a good faith effort to secure said information from Byrd. Byrd's noncompliance with Rule 26(a)(1) was discussed by the parties and raised before this Court at the October 14, 2005 scheduling conference. At that conference, this Court instructed Byrd to provide disclosures in compliance with Rule 26(a)(1). Moreover, the Court issued an Order that very day requiring that on or before November 10, 2005, Byrd file with the Court "written notice of any backpay or objective damages claim," including an itemization and any set-off thereof. A copy of this Court's Order is attached as Exhibit "B".

6. Despite this Court's instructions and Order, Byrd has not provided Burke's with the additional information needed to comply with Rule 26(a)(1) nor has Byrd filed with the Court written notice of her backpay and objective damages claim.

7. For these reasons, Burke's respectfully moves the Court to (1) compel Byrd to provide initial disclosures in compliance with Rule 26(a)(1); (2) strike any claims by Byrd for backpay or objective damages; and (3) award Burke's fees for the cost of preparing this motion, which was made necessary only by Byrd's failure to comply with the *Federal Rules of Civil Procedure* and the instructions and Order of this Court.

Respectfully submitted this 30th day of November, 2005.

                                        s/JoClaudia Moore
                                        One of counsel for defendant
                                        Burke's Outlet Stores-ALA, Inc

OF COUNSEL:
Dorman Walker (WAL086)
JoClaudia Moore (MIT033)
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama 36101
334/834-6500
334/269-3115 (fax)

## CERTIFICATE OF SERVICE

I certify that on November 30, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid, to the following:

Malcolm R. Newman
Post Office Box 6137
Dothan, Alabama 36302

                                         s/JoClaudia Moore
                                         Of Counsel